UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELECTROLUX NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-mc-00006-JMS-MJD |
| ) | |
| PERFORMANCE METALS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| LINDSAY MAHONEY, ) | |
| ) | |
| Miscellaneous. ) | |

**ORDER**

This matter is before the Court on the Motion to Quash Subpoena to Testify to Lindsay Mahoney [Dkt. 1]. The Court previously vacated the February 2, 2021, deposition of Lindsay Mahoney to permit the full briefing and consideration of the instant motion. [Dkt. 9.] The motion is now ripe and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

At all relevant times, Ms. Mahoney was employed as a bookkeeper by the Defendant in this case. Ms. Mahoney resides within this district. The instant dispute involves a deposition subpoena that was issued to Ms. Mahoney by this court seeking her testimony in a case pending in the Western District of North Carolina. That case arises out of a dispute between Defendant

and Plaintiff, with whom Defendant had a long-term relationship as a metal supplier, over amounts Defendant owed Plaintiff. Plaintiff alleges that the parties reached a settlement agreement with regard to the amount owed, pursuant to which Defendant would pay a reduced amount to satisfy its debt in full, and that Defendant has breached that agreement.

Ms. Mahoney moves to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3), which provides that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."

> When making the determination of whether a person will be subjected to undue burden, courts consider a number of factors, including the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request. The rationale for the undoubted solicitude accorded non-parties is that, although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs.

*Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) (emphasis in original).

Ms. Mahoney argues that being deposed would impose an undue burden on her because it would cause her anxiety. She avers:

> Thinking about being deposed makes me feel stressed. I feel sick to my stomach, anxious, emotional and uneasy and feel that way whenever I think about the deposition.

[Dkt. 1-2 at 1.] It is, of course, not unusual for a deposition to be stressful for the deponent. That, alone, would ordinarily not constitute the type of undue burden that would require the quashing of a subpoena. In this case, however, Ms. Mahoney is pregnant, and she has obtained a note from her OB/GYN that reads, in relevant part:

> To Whom it May Concern:
>
> Lindsay Mahoney is currently a patient of mine. Her expected due date is 06/22/2021. Please excuse her from the deposition. Any stress could be potentially harmful to her and her unborn baby.
>
> If you have any questions or concerns, please don't hesitate to call.
>
> Sincerely,
>
> Mark E. Gentry, MD

*Id.* at 9.  Ms. Mahoney also avers that "I am experiencing sciatic nerve pain due to my pregnancy and spend a lot of time sitting or laying on a heating pad to reduce my pain," and that "I continue to be concerned about the stress the deposition will cause me, the potential harm that stress could have on my unborn child, and who will care for my children while I am being deposed."[1]  *Id.* at 2.

The Court recognizes that the court in North Carolina has already overruled Defendant's objection to Ms. Mahoney's deposition.  [Dkt. 1-3.]  The record does not reflect the reason for that court's ruling, but obviously the undersigned has before him the objection of Ms. Mahoney herself, not Defendant, and thus the Court must consider the burdens personal to Ms. Mahoney which, as noted above, are entitled to special consideration in light of her status as a non-party.

---

[1] Ms. Mahoney also notes that she is the primary caregiver for her two young children and that "arranging for childcare during regular working hours is difficult" in light of the global pandemic.  [Dkt. 1-2 at 2.]  While this is undoubtedly true, that burden could be eliminated by scheduling the deposition on a weekend or other time when a family member or friend could be available to provide childcare.  Thus, it does not factor into the Court's decision.

The Court thus must weigh Dr. Gentry's opinion that the stress of being deposed could be harmful to Ms. Mahoney and her unborn child—which the Court is not in a position to second guess—against Plaintiff's need for Ms. Mahoney's testimony. The Court has no difficulty concluding that the need to protect Ms. Mahoney and her unborn child from potential harm outweighs Plaintiff's discovery needs in this case. Indeed, Plaintiff does not explicitly argue otherwise, focusing only on its perceived need for Ms. Mahoney's testimony rather than the relative importance of that need versus the health of Ms. Mahoney and her unborn child. And while it is true that Defendant identified Ms. Mahoney in its initial disclosure as a person likely to have discoverable information about "[h]istory billing, payments. aging, shipments, discrepancies between the parties," [Dkt. 11-1], Plaintiff has not yet deposed the other individuals identified by Defendant or Defendant itself, and therefore cannot demonstrate that there are any gaps of material information that only Ms. Mahoney's deposition can fill.

The Court is mindful of Plaintiff's interest in conducting discovery in the manner and order it believes is most advantageous to it, and recognizes that prohibiting Plaintiff from deposing Ms. Mahoney at this time is contrary to that interest. However, based on the information before it, the Court finds that Plaintiff's interest does not outweigh the burden that would be imposed on Ms. Mahoney if the deposition were to go forward. Accordingly, Ms. Mahoney's motion to quash is **GRANTED**.

The Court notes that the reason for this order terminates upon the conclusion of Ms. Mahoney's pregnancy. Accordingly, counsel for Ms. Mahoney is ordered to file a notice with the Court, and separately notify counsel for Plaintiff in this matter, within **seven days** of the

conclusion of Ms. Mahoney's pregnancy, at which time the Court will entertain a motion to reconsider this order if the deposition of Ms. Mahoney remains necessary at that time.

SO ORDERED.

Dated: 12 FEB 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.